STATE OF NORTH CAROLINA v. BLAND JULIUS HILL, JR.

No. 447A82

(Filed 3 May 1983)

**Criminal Law § 135.4; Jury § 7.11— death qualification of jury prior to guilt phase — same jury for penalty phase — constitutionality**
      The procedure set out in G.S. 15A-2000(a)(2) for death qualifying a jury prior to the guilt phase and the requirement of the statute that the same jury hear both the guilt and penalty phases of the trial are constitutional.

APPEAL by the defendant from judgments of *Farmer, J.*, entered at the 16 October 1978 Criminal Session of Superior Court, WAKE County.

The defendant was charged in separate indictments, proper in form, with murder in the first degree, four counts of armed

robbery, three counts of kidnapping and two counts of conspiracy to commit armed robbery. The jury found the defendant guilty as charged on all counts. Following the sentencing phase of the murder case against the defendant, the jury recommended a sentence of life imprisonment. The defendant having been found guilty of murder in the first degree upon the theory that the murder was committed in the perpetration of a felony, the convictions for one count of armed robbery and one count of kidnapping were merged with the conviction for murder. As to the remaining charges, the defendant received three sentences of life imprisonment and a maximum-minimum sentence of ten years imprisonment. The judgments in their totality provide that three of the life sentences are to be served consecutively. The remaining sentences are to be served concurrently with one of the life sentences.

The defendant appeals directly to the Supreme Court in those cases in which he received a sentence of life imprisonment. The Supreme Court allowed his motion to bypass the Court of Appeals as to all other convictions on 3 November 1982.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General J. Michael Carpenter, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Ann B. Petersen, for defendant appellant.*

PER CURIAM.

By his single assignment of error, the defendant appellant contends that the trial court erred in "death qualifying" the jury prior to the guilt phase in the trial of the murder charge against him, which charge was joined for trial with the other charges. The defendant appellant further contends in this regard that "death qualifying" a jury prior to the guilt phase of a capital trial and the procedure set forth in G.S. 15A-2000(a)(2) permitting the same jury to hear both the guilt phase and the sentencing phase of the trial violates the Constitution of the United States and the Constitution of North Carolina. The defendant appellant quite candidly recognizes that this Court has previously decided these issues contrary to the position he takes in his assignment and contentions. *State v. Pinch*, 306 N.C. 1, 292 S.E. 2d 203, *cert. denied*, --- U.S. ---, 74 L.Ed. 2d 622, 103 S.Ct. 474 (1982); *State v.*

*Williams*, 305 N.C. 656, 292 S.E. 2d 243, *cert. denied*, --- U.S. ---, 74 L.Ed. 2d 622, 103 S.Ct. 474 (1982); *State v. Davis*, 305 N.C. 400, 290 S.E. 2d 574 (1982); *State v. Avery*, 299 N.C. 126, 261 S.E. 2d 803 (1980). Nevertheless, the defendant appellant requests that this Court reexamine its holdings in those cases. Having done so, we determine that the prior decisions of this Court previously referred to are sound and should be viewed as binding precedent controlling on the issues raised by the defendant appellant.

No error.